DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Robbin Dean Riley, Jr., ) | |
| ) | CASE NO. 1:97 CR 89 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is the motion for modification of sentence filed by petitioner (Doc. No. 67), Robbin Dean Riley, respondent's brief in opposition to petitioner's motion (Doc. No. 71), filed by the government, and petitioner's reply (Doc. No. 72). For the reasons discussed below, petitioner's motion is denied.

## I. BACKGROUND

On March 11, 1997, petitioner was named in a one count indictment which charged him with violating 21 U.S.C. § 841 (a)(1), possession with intent to distribute approximately 53.17 grams of cocaine-base. On July 3, 1997, petitioner entered a plea of guilty to the indictment pursuant to a written plea agreement. As part of this plea agreement, the government agreed to forego the filing of a 21 U.S.C. § 851 notice as to a second prior felony drug conviction, which enabled petitioner to avoid a potential life sentence. The plea agreement allowed the petitioner to withdraw his guilty plea in the event the court imposed a sentence in excess of two hundred and sixty-two months. On October 2, 1997 the Court found the petitioner to be a career offender and sentenced him to the two hundred and sixty-two months of incarceration recommended in

(1:97 CR 89)

the plea agreement (the low end of the applicable sentencing guideline range).

From this sentence petitioner filed a timely notice of appeal and on October 9, 1998, the Sixth Circuit issued an opinion affirming the district court's decision. (See Doc. No. 60). Subsequently, petitioner filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Case No. 1:99CV2182), arguing he had been denied effective assistance of counsel. The Court denied the motion on December 10, 1999.[1] On June 4, 2007, petitioner filed this motion for modification of sentence pursuant to 18 U.S.C. § 3582 (c)(2).

## II. DISCUSSION

A. § 3582 (c)(2) Motion

Petitioner seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582 (c)(2). Section 3582 (c)(2) provides that:

> (c) The court may not modify a term of imprisonment once it has been imposed except that --
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (o), upon the motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

Petitioner, however, fails to point to any retroactively applicable guideline amendment created by the Sentencing Commission that would affect his sentence. Instead, petitioner points to the Supreme Court decision in U.S. v. Booker, 543 U.S. 220 (2005), to support his § 3582 (c)(2)

---

[1] It appears from the docket that no appeal was taken from this decision.

(1:97 CR 89)

motion.

In Booker, the Supreme Court held the mandatory nature of the Sentencing Guidelines unconstitutional, which rendered them merely advisory from that point forward. Id. Petitioner argues that the Supreme Court's decision in Booker renders his plea agreement invalid due to "mutual mistake," such mistake being that both he and the government based their negotiations for the agreement on the premise that the Sentencing Guidelines were mandatory and constitutional. As the First Circuit noted in U.S. v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005), "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea." Additionally, the Sixth Circuit has found that the Booker decision "does not apply retroactively in collateral proceedings." Humhpress v. U.S., 398 F.3d 855, 860 (6th Cir. 2005). Consequently, even in light of the Booker decision, there was no mutual mistake between petitioner and the government rendering their plea agreement invalid.

Regardless of the Booker argument addressed above, it is important to recall that § 3582 (c)(2) only "allows the Court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission." U.S. v. Williams, 80 Fed.Appx. 442, 443 (6th Cir. Oct. 31, 2003). As petitioner has not argued and cannot demonstrate that the Sentencing Commission has lowered the sentencing range under which he was sentenced, he cannot obtain relief in a § 3582 (c) motion. In order for petitioner to make his argument regarding the validity of his sentence in light of the Booker decision, he must seek relief in a 28 U.S.C. § 2255 motion.

(1:97 CR 89)

### B. § 2255 Motion

When a petitioner has already filed a prior § 2255 motion, as petitioner in the instant case has, he is required to get permission to file a second. Clemons v. U.S., 102 Fed.Appx. 933, 934 (6th Cir. Jun. 17, 2004). The only two instances in which a second § 2255 may be filed are 1) when "newly discovered evidence exists which, if proven...sufficiently establishes that no reasonable factfinder would have found the movant guilty of the offense, or 2) a previously unavailable rule of constitutional law exists that the Supreme court has made retroactive to cases on collateral review." Id. In the instant case, petitioner does not claim any newly discovered evidence exists. Petitioner does, however, point to Booker as a previously unavailable rule of constitutional law that should affect the validity of his plea agreement and the validity of his current sentence. As the Sixth Circuit stated in U.S. v. Saikaly, 424 F.3d 514, 516 (6th Cir. 2005), "this court held that Booker established a new rule of criminal procedure and therefore did *not* apply retroactively to cases already final on direct review...at the time it was rendered." (citing Humphress v. U.S., 398 F.3d at 860-63) (emphasis added). When the Supreme Court decided Booker in 2005, petitioner's case was already final. Booker cannot be used as a new rule of constitutional law to support a successive § 2255 motion for petitioner.

### C. Request to Recall Mandate

In the alternative, petitioner requests that this Court implore the Sixth Circuit Court of Appeals to recall the mandate in his case. Petitioner argues that "the Booker decision creates a basis for requesting the Sixth Circuit...to recall the mandate, so that this matter can be remanded to the court for resentencing." (Pet'r's Mot. 12). In U.S. v. Saikaly, the Sixth Circuit wrote that

4

(1:97 CR 89)

"although courts of appeals have the inherent authority to recall a mandate, such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate." 424 F.3d at 517 (citing Calderon v. Thompson, 523 U.S. 538, 549-50 (1998)). The Sixth Circuit has already made clear that "the incremental change in the law as evidenced by Booker simply is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review." Saikaly, 424 F.3d at 518 (citing Bottone v. U.S., 350 F.3d 59, 65 (2d Cir. 2003)). In the instant case, petitioner has not presented the Court with circumstances that warrant a request by this Court to the Sixth Circuit to recall the mandate in petitioner's case.

### III. CONCLUSION

For the reasons discussed herein, petitioner's motion for modification of sentence is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| _July 25, 2007_ | _S/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

5